# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 9, 2025

Lyle W. Cayce
Clerk

No. 24-40645
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN MANUEL MORENO-MARTINEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-2337-1

Before BARKSDALE, STEWART, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Juan Manuel Moreno-Martinez challenges his within-Guidelines 333-months' sentence, imposed following his guilty-plea conviction for conspiracy to kidnap two victims, in violation of 18 U.S.C. § 1201(c). He contends the district court miscalculated his advisory Sentencing Guidelines range by erroneously applying the following enhancements under Guideline

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

§ 2A4.1(b):  six-level increase for a ransom demand ((1)); two-level increase for serious bodily injury ((2)(B)); two-level increase for use of a dangerous weapon ((3)); and one-level increase for keeping a victim more than seven days ((4)(B)).

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Moreno contends that Guidelines § 2A4.1(b)(1) (ransom demand), (b)(2)(B) (serious bodily injury), and (b)(4)(B) (keeping victim more than seven days) do not apply because he is not accountable for the third-party conduct on which the enhancements are based.  Determinations of what constitutes relevant conduct are factual findings reviewed for clear error. *United States v. Barfield*, 941 F.3d 757, 761 (5th Cir. 2019).  "Under the clearly erroneous standard, we will uphold a finding so long as it is plausible in light of the record as a whole." *United States v. Ramos-Delgado*, 763 F.3d 398, 400 (5th Cir. 2014) (citation omitted).

To the extent Moreno maintains he was unaware of the larger conspiracy to demand ransom money, the record contradicts him.  At rearraignment, he admitted he was aware that the purpose of transporting the victims to Mexico was "to obtain from them some sort of payment or compensation".  The record also shows that he threatened to kill the victims

and was involved in their being held at gunpoint at his ranch. Moreno does not explain why, on this record, it is not plausible to conclude that the conduct at issue was within the scope of, in furtherance of, and reasonably foreseeable in connection with the criminal activity that he and others jointly agreed to undertake. *See* U.S.S.G. § 1B1.3(a)(1)(B) (defining "relevant conduct"). He accordingly fails to show that the district court clearly erred in finding the acts of his co-conspirators constituted relevant conduct in applying the disputed enhancements. *See Ramos-Delgado*, 763 F.3d at 400.

Alternatively, Moreno challenges the application of the serious bodily-injury enhancement under Guideline § 2A4.1(b)(2)(B), contending the record does not sufficiently establish the severity of a victim's injuries. The Guidelines define "serious bodily injury" to include injury requiring medical intervention or involving either "extreme physical pain" or the protracted impairment of a bodily or mental function. U.S.S.G. § 1B1.1, cmt. n.1(M).

The presentence investigation report (PSR), relied on by the district court, provides that a co-conspirator beat one of the victims with "a 2x4 wooden stick" causing "significant bruising to his back, right arm, right leg and buttock area as well as swelling to his right arm and hand". Although the PSR does not explicitly state that the victim was in "extreme physical pain", the district court was, of course, "permitted to draw reasonable inferences from the facts". *Ramos-Delgado*, 763 F.3d at 400 (citation omitted); *see United States v. Garza-Robles*, 627 F.3d 161, 169–70 (5th Cir. 2010) (plausible to infer "extreme pain", *i.e.*, serious bodily injury, where victim had "broken rib, bruised buttocks, and cuts behind the ears"). In short, it is plausible to infer that the injuries in question qualified as serious bodily injuries.

Finally, Moreno challenges the dangerous-weapon enhancement under Guideline § 2A4.1(b)(3) on the ground that there is no evidence he

No. 24-40645

personally used a firearm. This contention fails because, even if Moreno did not personally threaten the victims with a firearm, at least one of his co-conspirators did in a manner warranting the enhancement, and Moreno does not dispute that he is accountable for that conduct. *See United States v. Dunigan*, 555 F.3d 501, 505 (5th Cir. 2009) (pointing weapon at specific individuals qualifies as "otherwise used" under Sentencing Guideline § 2A4.1 cmt. n.2); U.S.S.G. § 1B1.3(a)(1)(B).

AFFIRMED.